1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10  WENDELL JAMON JONES,                        CASE NO. CV F 08-0396 LJO DLB

11              Plaintiff,                      **ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

12       vs.                                    **CLAIMS**
                                                (Doc. 17.)
13  CITY OF MODESTO, et al,

14              Defendants.

15                                        /

16                          **INTRODUCTION**

17       Defendants City of Modesto ("City") and several City police officers seek to dismiss false arrest,

18  official and individual capacity, and Racketeer Influenced and Corrupt Organization Act ("RICO")

19  claims arising from plaintiff Wendell Jamon Jones' ("Mr. Jones'") arrest and alleged in his first amended

20  complaint ("FAC").  This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the

21  record and VACATES the May 27, 2008 hearing, pursuant to Local Rule 78-230(h).  For the reasons

22  discussed below, this Court GRANTS in part and DENIES in part defendants' requested F.R.Civ.P.

23  12(b)(6) relief.

24                          **BACKGROUND**[1]

25                          **The Parties**

26       Mr. Jones is an engineer and licensed California attorney.  He is an African American.  Prior to

27

28        [1]        The factual recitation is derived generally from the FAC.

1    his July 24, 2005 arrest at issue here, Mr. Jones had no criminal record.

2        In addition to the City, the FAC names as defendants City Police Chief Roy W. Wasden ("Chief

3    Wasden"), City Police Sergeant Adam McGill ("Sgt. McGill"),[2] and City Police officers Rafael Vega

4    ("Officer Vega"), Jeff Protine ("Officer Protine"), Mike Hicks ("Officer Hicks"), Craig Plante ("Officer

5    Plante") and Jason Grogan ("Officer Grogan").[3]

6                                    **Mr. Jones' Arrest**

7        On July 24, 2005, Mr. Jones attended a Modesto street fair and went to the Palladium Bar.  At

8    approximately 1 a.m. on July 25, 205, Modesto Police decided to close the Palladium Bar.  As Mr. Jones

9    left the Palladium, he paused to speak with an employee, and Sgt. McGill struck him from behind

10   without provocation.  Mr. Jones raised his hands in the air and stated: "What did I do?  I didn't do

11   anything."  Sgt. McGill and several officers grabbed Mr. Jones and took him to an empty area of the

12   Palladium Bar and beat him for the benefit of a "professional video production team" at the scene.

13       Although Mr. Jones did not resist, Sgt. McGill and the defendant officers dragged Mr. Jones

14   from the Palladium Bar and into a patrol car.  In his opposition papers, Mr. Jones acknowledges that

15   after his arrest, "he did not remain silent, but demanded his release, asserted his innocence, and <u>loudly</u>

16   requested medical attention.  Moreover, he used profanity."  (Underlining in original.)  Mr. Jones was

17   transported to the Modesto Police Department at 2:15 a.m.[4]  Although he was bleeding and seriously

18   injured, his medical attention requests were denied.  Mr. Jones was not allowed to post bond until 11

19   a.m. on July 25, 2005.

20                              **Charges Against Mr. Jones**

21       On August 5, 2005, a criminal complaint was filed in Stanislaus County Superior Court to charge

22   Mr. Jones with misdemeanor counts of violation of California Penal Code sections 243(b) (battery on

23

24       [2]    This Court understands that Sgt. McGill has not been served with the FAC and that at the time of the events
     at issue, Sgt. McGill was a sergeant and later was promoted to lieutenant.  Sgt. McGill has not appeared formerly in this
25   action.

26       [3]    Officers Vega, Protine, Hicks, Grogan and Plante will be referred to collectively as "defendant officers."
     The City, Chief Wasden, and the defendant officers will be referred to collectively as "defendants."
27

28       [4]    The FAC appears to state incorrectly that Mr. Jones was transported to the Modesto Police Department
     at 2:15 p.m.

peace officer) and 148(a) (resisting arrest).  On August 6, 2007, Mr. Jones entered a nolo contendere plea to an amended count of violation of California Penal Code section 415 ("section 415")[5] (fighting, noise, offensive words), an infraction.

### Mr. Jones' Claims

The FAC alleges four unentitled counts.  Count I alleges that three false police reports were prepared to result in the charges against Mr. Jones.  Count I further alleges that Sgt. McGill and the defendant officers deprived Mr. Jones "of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 ["section 1983"]."  Count I claims that "Defendants . . . knew what they had done was illegal.  They deliberately and knowingly placed their self-interest above the law, choosing to follow the 'Blue Code of Silence.'"

Count II alleges that Sgt. McGill and the defendant officers deprived Mr. Jones of his rights to be free from deprivation of liberty without due process and from summary punishment and equal protection under the law in violation of the Fourth, Fifth and Fourteenth Amendments.

Count III alleges that the City "grossly failed to train its police officers in the fundamental law of arrest and use of force in effecting arrest of PLAINTIFF."  Count III claims that the City, Chief Wasden and Sgt. McGill failed to instruct and control officers to refrain from unlawfully harassing, imprisoning and prosecuting a citizen, conspiring to violate the Constitution, and preparing false police reports.  Count III also alleges that the City, Chief Wasden and Sgt. McGill approved or ratified unlawful and malicious conduct of the defendant officers.

---

[5]    Section 415 provides:

Any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars ($400), or both such imprisonment and fine:

(1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight.

(2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise.

(3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction.

1   Count IV alleges that Chief Wadsen, Sgt. McGill and the defendant officers were members of

2   an enterprise which "committed acts of conspiracy and brutality against Plaintiff and his business which

3   constitute a pattern of racketeering" to violate RICO.

4   The FAC alleges that Mr. Jones "could not fully work for weeks after the assault" and seeks

5   compensatory, punitive and treble RICO damages.

6   **DISCUSSION**

7   **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

8   Defendants seek to dismiss the FAC's false arrest, official and individual capacity, and RICO

9   claims.  A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

10  forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

11  of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

12  whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

13  support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

14  *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

15  there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

16  cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

17  *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  F.R.Civ.P. 12(b)(6) dismissal is proper

18  when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

19  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

20  In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the complaint in the light most

21  favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

22  whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

23  *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  "However, conclusory allegations of law and

24  unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d

25  696, 699 (9th Cir. 1998).  A court need not permit an attempt to amend a complaint if "it determines that

26  the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*

27  *N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a Rule

28  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

4

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,

1964-65 (2007) (internal citations omitted).

In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond

the plaintiff's complaint to matters of public record.  *Shaw v. Hahn*, 56 F.3d 1128, 1129, n. 1 (9ᵗʰ Cir.

1995, *cert. denied*, 516 U.S. 964, 116 S.Ct. 418 (1995); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d

1279, 1282 (9th Cir.1986) (district court's consideration of state administrative records to determine

whether an agency decision had a collateral estoppel effect on the plaintiff's claim did not convert

defendant's 12(b)(6) motion to one for summary judgment).  A court may take judicial notice of another

court's record in an underlying criminal case. F.R.Evid. 201; *see United States v. Wilson*, 631 F.2d 118,

119 (9th Cir.1980).

With these standards in mind, this Court considers defendants' challenges to the FAC.

### *Heck v. Humphrey*

Defendants contend that Mr. Jones' nolo contendere plea in the underlying criminal action bars

the FAC's false arrest and cover up claims under the analysis of *Heck v. Humphrey*, 512 U.S. 477, 487-

488, 114 S.Ct. 2364 (1994), where the U.S. Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

"*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally

inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action

must be dismissed.'" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9ᵗʰ Cir. 2005), *cert. denied*, 545 U.S.

1128, 125 S.Ct. 2938 (2005) (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9ᵗʰ Cir. 1996). "[F]or

purposes of the *Heck* analysis, a plea of nolo contendere in a California criminal action has the same effect as a guilty plea or jury verdict of guilty." *Nuno v. County of San Bernardino*, 58 F.Supp.2d 1127, 1135 (C.D. Cal. 1999).

Defendants argue that a judgment for Mr. Jones on his false arrest claims would invalidate his nolo contendere conviction and that is false arrest and cover up claims fail absent allegations that his conviction has been invalidated or called into question.  Mr. Jones responds that he is able to proceed on his false arrest claim "without implying that his nolo contendere plea is invalid as they are mutually exclusive."  Mr. Jones argues that defendants' *Heck v. Humphrey* analysis "is premature as they have failed to demonstrate how the Disturbing the Peace (Penal Code 415(1)) factually violate the principles expressed in *Heck v. Humphrey*."

Under *Heck*, a plaintiff is unable to maintain a section 1983 claim if success on that claim would necessarily imply the invalidity of a prior criminal conviction.  Defendants fail to demonstrate how success on Mr. Jones' false arrest and coverup claims imply the invalidity of Mr. Jones' nolo contendere plea to section 415.  The gist of the FAC's Count I is that Mr. Jones committed no pre-arrest wrongs and was arrested on false charges to cover up the wrongs of Sgt. McGill and the defendant officers.  Count I alleges:

> Plaintiff was leaving the Palladium when he paused to speak with an employee. Suddenly, and without provocation, he was struck from behind by Defendant MCGILL who appeared to be agitated. . . . Plaintiff put his hands high in the air, showing that he posed no threat.  Plaintiff asked MCGILL, "What did I do?  I didn't do anything wrong." MCGILL and several other officers grabbed Plaintiff and took him to an empty area of the nightclub.  Plaintiff did not resist.
>
> . . .
>
> At no time, either in said nightclub or at any time and place did PLAINTIFF attempt to resist arrest or offer violence to the Defendants.

Mr. Jones' false arrest and cover up claims do not address an "allegedly unconstitutional conviction or imprisonment, or . . . other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."  *Heck*, 512 U.S. 487-488, 114 S.Ct. 2364.  Mr. Jones' false arrest and cover up claims are discernable from his nolo contendere plea and are not subject to dismissal at this pleading stage.  Defendant reply points regarding the resisting arrest analysis in *Smith* and lesser included charges are unavailing.

6

1        **Official Capacity Of The Defendant Officers**

2        The FAC "sues" the defendant officers in their official capacities.  The defendant officers

3   contend that they are not subject to official capacity claims in the absence of allegations that any of them

4   was "a governmentally authorized decision maker" in the City police department.

5        Official-capacity suits "generally represent only another way of pleading an action against an

6   entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658,

7   690, n. 55, 98 S.Ct. 2018 (1978).  "As long as the government entity receives notice and an opportunity

8   to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the

9   entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985) (citing *Brandon v. Holt*, 469

10  U.S. 464, 471-472, 105 S.Ct. 873 (1985)).  Such an action is not against the public employee personally,

11  "for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099.

12       Mr. Jones does not challenge dismissal of the defendant officers in their official capacities.  As

13  such, this Court DISMISSES Sgt. McGill and the defendant officers in their official capacities from all

14  FAC claims.

15       **Official Capacity Of Chief Wasden**

16       Defendants argue that naming Chief Wasden in his official capacity is "redundant to the *Monell*

17  claim against the defendant City because Chief Wasden is employed as the Chief of Police of the City

18  of Modesto Police Department, an agency managed, directed and controlled by the City."  Mr. Jones

19  opposes dismissal of Chief Wasden in his official capacity in that the FAC alleges that Chief Wasden

20  "conspired with defendant police officers to omitted [sic] exculpatory witness and video tape."[6]

21       Local government officials sued in their official capacities are "persons" under section 1983 in

22  cases where a local government would be suable in its own name.  *Monell*, 436 U.S. at 690, n. 55, 98

23  S.Ct. 2018.  "For this reason, when both an officer and the local government entity are named in a

24  lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may

25  be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa*

26

27      [6]      In their reply papers, defendants complain that Count I lacks a conspiracy allegation against Chief Wasden.
This Court surmises that Mr. Jones refers to the FAC page 6, lines 3-4 allegation: "Defendants conspired to omit any
28  reference to exculpatory witnesses nor did the reports mention that the incident was videotaped."

*Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996)). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).

"[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Luke*, 954 F.Supp. at 204. As the district court in *Luke*, 954 F.Supp. at 204, explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

Mr. Jones fails to explain how his conspiracy allegation subjects Chief Wasden to official capacity liability. In the absence of meaningful opposition, this Court DISMISSES Chief Wasden in his official capacity from all FAC claims.

## Chief Wasden's Supervisory Liability

Count III alleges that Chief Wasden "failed to instruct, supervise, control, and discipline . . . Defendant police officers" to refrain from "unlawfully and maliciously . . . harassing a citizen . . . arresting, imprisoning and prosecuting a citizen . . . conspiring to violate rights . . . [and] preparing police reports with false statements."

Liability for a constitutional tort "arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Generally, supervisory personnel are not liable under section 1983 for actions of their employees under a respondeat superior theory, and thus, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged and proved. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883 (1979). To establish a prima facie case of supervisory liability, a plaintiff must show facts to indicate that the supervisory defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989);

1   *Taylor v. List*, 880 F.2d 1040, 1045 (9ᵗʰ Cir. 1989); *see also Larez v. City of Los Angeles*, 946 F.2d 630,

2   646 (9ᵗʰ Cir. 1991) (ratification, poor investigation, or failure to terminate series of events may make

3   supervisor liable).

4        Defendants argue that the FAC's supervisory liability claims are directed to allegations that Mr.

5   Jones was arrested without probable cause.  Defendants contend that in the absence of a viable false

6   arrest claim, there is no basis to impose supervisory liability on Chief Wasden.  Defendants further note

7   the FAC's lack of allegations that Chief Wasden personally participated in alleged constitutional

8   deprivations, knew of such violations and failed to act to prevent them, or promulgated a constitutionally

9   deficient policy to result in a constitutional violation.

10        Mr. Jones does not challenge defendants' contentions, save that Mr. Jones has a viable false

11   arrest claim.  The FAC is devoid of sufficient allegations that Chief Wasden personally participated in

12   alleged constitutional deprivations, knew of such violations and failed to act to prevent them, or

13   promulgated a constitutionally deficient policy to result in a constitutional violation.  In the absence of

14   substantive supervisory liability allegations against Chief Wasden, this Court DISMISSES with

15   prejudice the FAC's supervisory liability claims, including Count III, against Chief Wasden.

16   **RICO Claims**

17        Defendants fault the RICO claims of the FAC's Count IV for failure to allege necessary

18   elements.  Mr. Jones relies on subsections (c) and (d) of 18 U.S.C. § 1962 ("section 1962") which

19   provide:

20       (c) It shall be unlawful for any person employed by or associated with any enterprise
    engaged in, or the activities of which affect, interstate or foreign commerce, to conduct
21       or participate, directly or indirectly, in the conduct of such enterprise's affairs through a
    pattern of racketeering activity or collection of unlawful debt.
22
    (d) It shall be unlawful for any person to conspire to violate any of the provisions of
23       subsection (a), (b), or (c) of this section.

24        A violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of

25   racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim."

26   *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275 (1985).  A "plaintiff only has standing

27   if, and can only recover to the extent that, he has been injured in his business or property by the conduct

28   constituting the violation."  *Sedima*, 473 U.S. at 496, 105 S.Ct. 3275.

1    Mr. Jones claims that the FAC alleges "the conduct of the Modesto Police Department and its

2    personnel (an enterprise), through a pattern of racketeering activity injured plaintiff's business."

3    ***Racketeering Activity***

4    Defendants argue that the FAC fails to allege sufficient facts of a racketeering activity in that the

5    FAC alleges sufficient facts for only a Fourth Amendment excessive force claim.

6    "Racketeering activity" is any act indictable under several provisions of Title 18 of the United

7    States Code. *Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990); *see* 18 U.S.C. §

8    1961. "Racketeering activity" also includes "any act or threat involving murder, kidnapping, gambling,

9    arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or

10   listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under

11   State law and punishable by imprisonment for more than one year."  18 U.S.C. § 1961(1)(A).

12   To support racketeering activity, Mr. Jones appears to rely on 18 U.S.C. § 1512,[7] which provides:

13       (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades
     another person, or attempts to do so, or engages in misleading conduct toward another
14   person, with intent to--

15       (1) influence, delay, or prevent the testimony of any person in an **official
     proceeding**;
16
         (2) cause or induce any person to--
17
         (A) withhold testimony, or withhold a record, document, or other object, from an
18   **official proceeding**;

19       (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's
     integrity or availability for use in an **official proceeding** . . .  (Bold added.)
20

21   Mr. Jones claims that the FAC incorporates by reference essential elements of 18 U.S.C. § 1512,

22   "namely that defendants conspired to omit any reference to witness or videotape."

23   Defendants respond that "official proceeding," as used in 18 U.S.C. § 1512 does not apply to Mr.

24   Jones' underlying state court prosecution.  Defendants point to the definition of "official proceeding"

25   in 18 U.S.C. § 1515(a):

26       (a) As used in sections 1512 and 1513 of this title and in this section–

27

28       [7]    Mr. Jones appears to cite incorrectly 15 U.S.C. § 1512.

1    (1) the term "official proceeding" means–

2    (A) a proceeding before a judge or court of the United States, a United
     States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a
3    special trial judge of the Tax Court, a judge of the United States Court of Federal Claims,
     or a Federal grand jury;

4
     (B) a proceeding before the Congress;
5
     (C) a proceeding before a Federal Government agency which is authorized
6    by law; or

7    (D) a proceeding involving the business of insurance whose activities
     affect interstate commerce before any insurance regulatory official or agency or any agent
8    or examiner appointed by such official or agency to examine the affairs of any person
     engaged in the business of insurance whose activities affect interstate commerce . . .
9

10   Defendants are correct that 18 U.S.C. § 1512(b) is "inapposite to any alleged 'misleading conduct'"

11   related to Mr. Jones' state criminal proceeding.  Moreover, the FAC's gist is that defendants withheld

12   exculpatory evidence.  Such allegation and the surrounding supporting facts do not substantiate

13   racketeering activity.  The FAC fails to sufficiently allege the racketeering element.

14                                      ***Pattern***

15        Defendants further fault the FAC's Count IV for failure to establish a "predicate" of racketeering

16   activity and in turn a pattern of racketeering.

17        Subsection (5) of 18 U.S.C. § 1961("section 1961") defines "pattern of racketeering activity" to

18   require "at least two acts of racketeering activity, one of which occurred after the effective date of this

19   chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the

20   commission of a prior act of racketeering activity."  Section 1961"does not so much define a pattern of

21   racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J.,*

22   *Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 237, 109 S.Ct. 2893 (1989).  Section 1961(5) "says

23   of the phrase 'pattern of racketeering activity' only that it 'requires at least two acts of racketeering

24   activity, one of which occurred after [October 15, 1970,] and the last of which occurred within ten years

25   (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.' It

26   thus places an outer limit on the concept of a pattern of racketeering activity that is broad indeed." *H.J,*

27   *Inc.*, 492 U.S. at 237, 109 S.Ct. 2893.

28        "Section 1961(5) concerns only the minimum *number* of predicates necessary to establish a

                                           11

1    pattern; and it assumes that there is something to a RICO pattern *beyond* simply the number of predicate

2    acts involved." *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900 (Italics in original).  A pattern in not

3    formed by "sporadic activity." *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900.  The term pattern requires

4    a relationship between predicates and the threat of continuing activity.  *H.J., Inc.*, 492 U.S. at 238, 109

5    S.Ct. at 2900.  The factor of continuity plus relationship combines to produce a pattern. *H.J., Inc.*, 492

6    U.S. at 239, 109 S.Ct. at 2900.  "RICO's legislative history reveals Congress' intent that to prove a

7    pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are

8    related, and that they amount to or pose a threat of continued criminal activity." *H.J, Inc.*, 492 U.S. at

9    239, 109 S.Ct. at 2900.

10       Mr. Jones does not address the pattern element and thus appears to concede the FAC fails to

11    plead the element.  Mr. Jones points to nothing to support the pattern element, and this Court finds

12    nothing in the FAC to support the pattern element.

13              ***Conspiracy***

14       The FAC's Count IV alleges that Chief Wasden, Sgt. McGill and the defendant officers were

15    members of an enterprise known as the City and conspired to violate RICO.  Defendants fault Count

16    IV's failure to allege an overt act of racketeering or which "is otherwise unlawful under the statute."

17       "[A] person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries

18    caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." *Beck*

19    *v. Prupis*, 529 U.S. 494, 507, 120 S.Ct. 1608 (2000).  Moreover, if a plaintiff fails to satisfy pleading

20    requirements for a section 1962(c) claim, he/she in turn fails to satisfy pleading requirements for a

21    section 1962(c) claim. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 831 (9th Cir. 2003), *cert. denied*, 541

22    U.S. 1043, 124 S.Ct. 2176 (2004).

23       As discussed above, the FAC fails to allege a section 1962(c) claim and as such fails to allege

24    a section 1962(d) claim.  This Court agrees with defendants that the main thrust of Mr. Jones' claims

25    is excessive force, not RICO violations.  As such, this Court DISMISSES with prejudice the FAC's

26    RICO claims, including Count IV.

27            **CONCLUSION AND ORDER**

28       For the reasons discussed above, this Court:

1.   DENIES dismissal under *Heck* of the FAC's false arrest and cover up claims;

2.   DISMISSES Chief Wasden and the defendant officers in their official capacities from all FAC claims;

3.   DISMISSES with prejudice the FAC's supervisory liability claims, including Count III, against Chief Wasden; and

4.   DISMISSES with prejudice the FAC's RICO claims, including Count IV.

IT IS SO ORDERED.

**Dated:**   **May 19, 2008**                              **/s/ Lawrence J. O'Neill**
                                                                         UNITED STATES DISTRICT JUDGE