IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL JAMON JONES,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY OF MODESTO, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 08-0396 LJO DLB<br><br>**ORDER ON MOTIONS IN LIMINE**<br>(Docs. 37-41, 45-47, 49)<br><br>**ORDER ON CROSS-MOTIONS FOR SANCTIONS FOR VIOLATIONS OF PRETRIAL ORDER** (Docs. 48, 49, 51) |

This Court conducted an April 21, 2009 motions in limine hearing at 8:00 a.m. in Courtroom 4 (LJO). Plaintiff Wendall Jamon Jones ("Plaintiff") appeared by telephone by counsel Anthony Harris. Defendants City of Modesto, Adam McGill, Rafael Vega, Jeff Protine, Mick Hicks, Craig Plante, and Jason Grogan ("Defendants") appeared by counsel James F. Wilson, Senior Deputy City Attorney. The Court read and reviewed Plaintiff's and Defendants' motions in limine and oppositions, including the supporting documents. The Court further considered the arguments of counsel on the record. The Court ruled from the bench on the following motions and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following order on the parties' motions in limine.

///

///

1

**PLAINTIFF'S MOTIONS IN LIMINE**

**1.  Motion to Exclude Reference to Plaintiff's Nolo Contendere Plea to Cal. Penal Code 415.1**

The Court GRANTS plaintiff's motion and excludes reference to plaintiff's nolo contendere plea as the basis of character evidence.

**2.  Motion to Exclude Reference to Police Reports Other than What was Disclosed By Defendants In Their Rule 26(a) Disclosure**

Plaintiff moved to exclude reference to four policy reports filed by the Modesto Police Department, based on the failure to disclose, pursuant to Fed. R. Civ. P. 26(a). Based on the opposition, this motion was limited to the internal affairs file. For the reasons stated on the record, this Court GRANTS this motion to exclude reference to the internal affairs police report.

**DEFENDANTS' MOTIONS IN LIMINE**

**1.  Motion to Exclude Expert Witness Testimony Regarding the Adequacy and Training Provided to Peace Officer Employees of Modesto Police Department**

Defendant moved to exclude testimony of expert witness Roger Clark on six separate grounds. The Court ruled on each ground separately as follows:

(1) existence of probable cause. Since probable cause is an issue to be determined by the jury, defendants' motion is GRANTED.

(2) to determine the credibility of witnesses. The credibility of a witness and weight of the evidence is a decision for the jury to make. The expert can say what he believes happened and why, which may contradict what the officers say. But the expert cannot give an expert opinion that he believes someone is lying. Accordingly, this motion is GRANTED.

(3) code of silence. Plaintiff would like his expert witness to testify regarding the existence of a practice called the "Code of Silence," and whether any defendant police officer in this action engaged in this purported practice. The Court finds that this testimony gives an opinion about credibility,

because it attempts to show that officers will be silent to protect each other. Additionally, it is inappropriate for the expert to testify as to unknown officers in unknown agencies. Therefore, the Court GRANTS this motion; however, the parties can make argue in closing argument, or to make a statement in opinion statements, that there was an implied agreement to remain silent.

(4) whether defendant officers followed proper police procedure in the incident giving rise to this action. The Court GRANTS in part this motion. The expert may testify as to general police procedures and may testify to post-standard procedures, as disclosed in his report, but may not testify as to Modesto police procedures specifically.

(5) custom and policy of Modesto City Police Department. This Court GRANTS without prejudice this motion. Plaintiff is ORDERED, no later than 3:00 p.m. today, April 21, 2009, to fax to this Court the portion of the expert report upon which he relies to oppose this motion. Plaintiff may fax the Court at (559) 499-5959.

(6) quality of training of Modesto City Police Department. This Court GRANTS without prejudice this motion. Plaintiff is ORDERED, no later than 3:00 p.m. today, April 21, 2009, to fax to this Court the portion of the expert report upon which he relies to oppose this motion. Plaintiff may fax the Court at (559) 499-5959.

**2.      Motion to Exclude Testimony of Witnesses Jamal Rollerson and Robert Villegas**

This Court DENIES without prejudice Plaintiffs's motion to exclude witnesses Jamal Rollerson and Robert Villegas. Each witness was identified of the witness list and Rule 26 was complied with. Defendants argue that because they were unable to contact the witnesses, the disclosed address was incorrect or changed. Defendants argues that Plaintiff failed to supplement or update the disclosure. Fed. R. Civ. P. 37(c)(1) allows preclusion of these witnesses if Plaintiff failed to supplement the disclosure. Plaintiff's counsel, however, submits that he spoke with both witnesses recently and that they are both at the address listed.

The Court ORDERS as follows: If either is brought in as a witness, the Court will conduct a short evidentiary hearing outside the presence of the jury. If the witness has always been at the address, and there was no reason for plaintiff's counsel to supplement the disclosure, that witness will be allowed to testify. If, however, the address had changed, and Plaintiff has the obligation to supplement the disclosure, the Court will reconsider this motion.

Plaintiff informed the Court that witness Mr. Rollerson suffered a catastrophic injury and may not be able to travel to Fresno to testify in this Court. This Court ORDERS Plaintiff's counsel to provide Defendants' counsel with Mr. Rollerson's contact information. If he has been at the address disclosed, then plaintiff's counsel may take a video deposition and offer that video deposition in lieu of live testimony at trial even though that deposition is beyond the discovery deadlines in this action. If, however, Mr. Rollerson indicates that his contact information has changed, the Court will reconsider whether to allow Mr. Rollerson's video deposition testimony.

### 3. Motion to Exclude Admission of Evidence Regarding Plaintiff's Claim of False Arrest

This Court GRANTS defendants' motion to exclude evidence regarding plaintiff's false arrest claim and DISMISSES plaintiff's false arrest claim based on 42 U.S.C. §1983. The Court stated its reasoning and case citations on the record, but provides a brief summary in this Order.

Pursuant to Fed. R. Evid. 410, evidence of a plea of nolo contendere is not admissible against the defendant who made the plea or was a participant in the plea discussions. Rule 410 "makes inadmissible a plea of nolo contendere, as either an admission or proof of guilt, in any subsequent civil or criminal proceeding, whether arising out of the same facts or not, against the defendant who made the plea." However, this Court interprets Rule 410 to prohibit the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action only if the pleader is the defendant in that subsequent action. The Court finds that Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil liability. The Court declines to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting officer. Thus, Rule 410

does not exclude a prior nolo plea in a subsequent civil action in which the person who entered the plea is now the plaintiff. *Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1998); *Rose v. Uniroyal Goodrich Tire Co.*, 210 F.3d 1216, 1220 (10th Cir. 2000).

To prevail on the 42 U.S.C. 1983 false arrest claim, plaintiff must show that there was no probable cause for his arrest. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause exists when, under the totality of the circumstances known to the arresting officer, a reasonable person would have believed that the suspect had committed a crime. *Id*. at 966. Plaintiff has pleaded nolo contendere, and in so doing, has admitted facts that the officer had probable cause to believe that plaintiff violated California Penal Code section 414(1)–disturbing the peace–which makes the arrest lawful. Pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487-488 (1994), "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005), *cert denied*, 545 U.S. 1128 (2005). "For purposes of the *Heck* analysis, a plea of nolo contendere in a California criminal action has the same effect as a guilty plea or a jury verdict of guilty." *Nuno v. County of San Bernadino*, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999). In light of the nolo contendere plea to "disturbing the peace," 42 U.S.C. §1983 relief is unavailable for plaintiff's false arrest claim because a finding that the officers lacked probable cause to the arrest "would necessarily imply the invalidity" of the conviction, which has not otherwise been invalidated. *Heck*, 512 U.S. at 487; *see also, Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994).

### DEFENDANTS' REQUEST FOR TERMINATING SANCTIONS and
### PLAINTIFF'S MOTION FOR SANCTIONS

On April 17, 2009, defendants filed a "report of the violation of the Court's Pretrial Order" and requested terminating sanctions against plaintiff for failure to meet and confer on April 17, 2009 regarding jury instructions and verdict forms. In response to defendants' request for terminating sanctions, plaintiff filed a motion for sanctions on April 20, 2009. In that motion, plaintiff request this Court to exclude defendants' jury instructions and exhibits, and to impose monetary sanctions on

defendants for non-compliance with the pretrial order. Each party filed a response and argued the matter before this Court at the April 21, 2009 hearing.

Plaintiff's counsel has failed to send jury instructions to defendants' counsel. Plaintiff's counsel explained that he has not sent jury instructions because the sanctions motion was filed and he considered that he did not need to send the jury instructions until the sanctions motion was resolved. The Court finds that to wait until the last half day to contact the defendants' counsel to discuss the jury instructions is not within the spirit of the pre-trial order. The attitude of counsel does not change the obligation to follow the Court's order and to prepare the jury instructions and proposed verdict form for submission to the Court. In addition, defendants' counsel "mis-spoke" when he represented to plaintiff's counsel that the marking of exhibits was not required by this Court's pre-trial order.

According to the statement of counsel, the Court finds that there has been non-compliance with the Pre-trial Order by plaintiff's counsel regarding jury instructions. In addition, neither side has complied with the pre-trial order regarding the marking of exhibits. As a result, this Court ORDERS plaintiff's counsel, Mr. Harris, to fax or attach by email the jury instructions and exhibits no later than today, April 21, 2009 at 10:30 a.m. to defendants' counsel Mr. Wilson. Counsel must then participate in telephonic conference to discuss jury instructions and the marking of exhibits by no later than today, April 21, 2009 at 1:30 p.m.

IT IS SO ORDERED.

**Dated:  April 21, 2009**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE