UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| **IN RE RUDY BACA,** in the matter of<br><br>**WENDELL JAMON JONES,**<br>            Plaintiff,<br>  vs.<br>**ADAM MCGILL, RAFAEL VEGA, JEFF PROTINE, and CRAIG PLANTE,**<br>            Defendants. | No. 1:08-CV-00396-LJO-DLB<br><br>**ORDER AFTER CONTEMPT HEARING** |

**INTRODUCTION**

This action was heard on May 22, 2009 at 10:30 a.m. in Courtroom 4 (LJO). Rudy Baca ("Mr. Baca") appeared and was represented by Roger Vehers. Mr. Baca testified on his behalf. This Court called plaintiff's attorney Anthony Harris ("Mr. Harris") as a witness and Mr. Harris also testified. Having considered the evidence, this Court DISMISSES the order to show cause why Mr. Baca should not be held in contempt of court for failure to appear to testify pursuant to a subpoena.

///
///

# **BACKGROUND**

On April 25, 2009, Mr. Harris personally served a subpoena in this civil case on Mr. Baca. Pursuant to the subpoena, Mr. Baca was ordered to appear at Robert E. Coyle United States Courthouse, 2500 Tulare Street in Fresno, California on May 5, 2009 at 1:00 p.m. At that time, Mr. Baca was expected to testify. Mr. Baca failed to appear as ordered.

Pursuant to Fed. R. Civ. P. 45(e), this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." In addition, this Court has statutory power "to punish by fine, or imprisonment, or both, at its discretion, such contempt of its authority as disobedience or resistance to its lawful process [and] order." 18 U.S.C. §401; *see also*, 28 U.S.C. §1826 (detainment of recalcitrant witnesses). Accordingly, on May 5, 2009, this Court initiated contempt proceedings against Mr. Baca and issued a warrant of arrest failure to appear. On May 11, 2009, Mr. Baca surrendered himself to the custody of the United States Marshal.

On May 11, 2009, this Court held initial contempt proceedings on the record. The Court warned Mr. Baca of the civil and criminal nature of the contempt proceedings and advised Mr. Baca that he may seek the advice of an attorney and is entitled to a hearing. *United States v. Doe*, 125 F.3d 1249, 1255 (9th Cir. 1997). Mr. Baca asked the Court to continue the hearing at least 10 days so that he can secure the assistance of counsel. Accordingly, this Court set a contempt hearing for May 22, 2009.

According to Mr. Baca's testimony, Mr. Baca was unavailable to appear in court on May 5, 2009 because he had a pre-planned vacation to Puerto Vallarta, Mexico. Mr. Baca testified that he had airline tickets and hotel reservations. The reason for the trip, according to Mr. Baca, was to participate in a wedding. Mr. Baca testified that he told Mr. Harris that he was unavailable and faxed proof of his reservations to Mr. Harris. Mr. Baca further testified that Mr. Harris told him that he would have the proceeding date changed. Mr. Baca attempted to reach Mr. Harris by telephone, but Mr. Harris did not return Mr. Baca's call. Mr. Baca cancelled his trip and waited for Mr. Harris, but heard nothing. When he heard about the resolution of the trial, he called the Court. At that time, he learned about his outstanding warrant and turned himself in. Mr. Baca testified that he had no intention to avoid his responsibility to testify.

Mr. Harris acknowledged that Mr. Baca had a pre-planned trip on the date he was set to appear in Court. Mr. Harris testified, however, that he did not tell Mr. Baca that he would change the date. Mr. Harris testified that he attempted to call Mr. Baca once after their meeting, on the day he was scheduled to appear in Court, but did not reach him. Mr. Harris acknowledged that Mr. Baca claimed that he faxed his reservation information, but that he did not receive a fax.

## DISCUSSION

A contempt hearing is quasi-criminal in nature. *Coronado v BankAtlantic Bancorp, Inc*, 222 F3d 1315 (11th Cir), *cert. denied*, 531 US 1052 (2000). As such there is a heightened standard of proof. *Id*. This court must afford the witness in a contempt of court proceeding an opportunity show adequate excuse for noncompliance with the subpoena. *Fremont Energy Corp. v. Seattle Post Intelligencer*, 688 F.2d. 1285 (9th Cir. 1982).

Having considered the testimony of Mr. Baca and Mr. Harris, the Court finds that Mr. Baca testified credibly regarding his pre-planned vacation to Mexico that was scheduled to take place at the time he was required to testify in this Court. There is a question as to whether Mr. Harris told Mr. Baca that the date would be changed and whether Mr. Baca had a legitimate reason to believe that he was not required to appear at the time and date listed on the subpoena. Because this question exists, and because Mr. Baca does not have the burden to prove this issue, this Court dismisses this order to show cause.

## CONCLUSION and ORDER

Based on the foregoing, this Court DISMISSES and CLOSES Mr. Baca's order to show cause re: civil contempt action.

IT IS SO ORDERED.

Dated: **May 22, 2009**  /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE