UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WENDELL JAMON JONES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ADAM MCGILL, RAFAEL VEGA, JEFF PROTINE, and CRAIG PLANTE,<br><br>　　　　Defendants. | No. 1:08-CV-00396-LJO-DLB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES** (Docs. 89, 92) |

## INTRODUCTION

Following a jury verdict in this 42 U.S.C. §1983 action, Plaintiff Wendell Jamon Jones ("Mr. Jones") moves for an award of attorney fees, pursuant to 42 U.S.C. §1988. Mr. Jones seeks an order that defendant Adam McGill ("Officer McGill") is liable to Mr. Jones for his reasonable attorney fees incurred in the sum of $312,321.24. To arrive at this amount, Mr. Jones' counsel submits that he expended 474.4 hours of time in this action and charges an hourly rate of $495.00 per hour. In addition, Mr. Jones asks for a a lodestar upward adjustment of 1.33%, for a total hourly compensation of $658.35. Officer McGill objects to the number of hours expended and the hourly rate charged, and argues this Court should reduce the lodestar amount significantly based on Mr. Jones' limited success. For the following reasons, this Court grants Mr. Jones' motion and awards $20,000.00 in attorney fees.

## BACKGROUND

Mr. Jones initiated this action against defendants on March 19, 2008. In his complaint, Mr. Jones named eight defendants–City of Modesto; Roy Wasden, Modesto Chief of Police ("Chief Wasden"); Officer McGill, Rafael Vega, Jeff Protine, Mike Hicks, Craig Plante, and Jason Grogan (collectively "defendants"). Mr. Jones alleged claims of false arrest, excessive force, and failure to train pursuant to 42 U.S.C. §1983. Mr. Jones amended his complaint on April 11, 2008. In his amended complaint, Mr. Jones added a fourth claim of "conspiracy and brutality against Plaintiff and his business" that constituted a "pattern of racketeering."

Defendants moved to dismiss Mr. Jones' amended complaint on April 16, 2008. In its order on defendants' motion to dismiss, this Court dismissed Chief Wasden and all of the defendant officers in their official capacities from all claims, dismissed with prejudice the supervisory liability claims against Chief Wasden, and dismissed with prejudice Mr. Jones' RICO claim.

In motions in limine, in which defendants sought to exclude evidence related to Mr. Jones' false arrest claim, this Court dismissed Mr. Jones' false arrest claim. Prior to trial, Mr. Jones voluntarily moved to dismiss his excessive force claim against Jason Grogan and Michael Hicks. Mr. Jones further dismissed all claims against the City of Modesto.

Mr. Jones proceeded to trial against Officer McGill, Rafael Vega, Jeff Protine, and Craig Plante on his claim of excessive force. The matter came to trial on May 5, 2009. After a three-day jury trial, the jury returned a verdict in favor of Mr. Jones and against Officer McGill, and awarded damages in the amount of $9,990.00. On Mr. Jones' excessive force claim against Rafael Vega, Jeff Protine, and Craig Plante, the jury found in favor of the defense.

Mr. Jones moved for an award of attorney fees against Officer McGill on May 23, 2009. Officer McGill opposed the motion on June 16, 2009. Mr. Jones replied on June 23, 2009. This Court read and reviewed the parties' points and authorities, and documentation filed in support thereof, found this motion suitable for a decision without oral argument, and issues the following order.

## DISCUSSION

Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988, "the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the cost" in certain

civil rights actions. Officer McGill concedes that Mr. Jones is a "prevailing party"–albeit on one claim–and is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988 ("Section 1988").

### Lodestar Calculation

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Riverside v. Rivera*, 477 U.S. 561, 568 (1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee contemplated by §1988." *Id*. To support the lodestar calculation, the prevailing plaintiff must submit documentary evidence detailing the number of hours spent and how it determined the hourly rate requested. *Hensley*, 461 U.S. at 433.

### Prevailing Rate in the Community

Pursuant to Section 1988, attorney's fees are to be calculated according to the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is the forum in which the district court sits. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991)*; see also, Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (applying the prevailing rate for the Sacramento community to an attorney whose practice was based in San Francisco). This Court sits in the Eastern District of California, Fresno division. Thus, the relevant community is Fresno, California. To determine the reasonable hourly rate in the Fresno area, the Court considers the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

Mr. Jones' attorney, Anthony Harris ("Mr. Harris") declares that at "the time when I agreed to represent plaintiff we entered a contingency fee agreement wherein my fee would be 1/3 of any amounts. Plaintiff was informed that my hourly rate for civil rights matters was $495.00 per hour." Declaration of Anthony Harris ("Harris Decl.") at ¶ 4. Mr. Jones avers that to his knowledge, fees charged in civil rights matters in the San Francisco Bay Area range from $325.00 to $650.00 per hour. Mr. Harris requests that his hourly fee of $425.00 be adjusted upward to $658.35.

Mr. Jones bears the burden to produce "satisfactory evidence–in addition to the attorney's own

affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 896, n. 11. Mr. Jones failed to submit evidence of comparable hourly rates in the forum community, as prevailing rates in the San Francisco Bay Area differ from those in Fresno, California. *See, e.g.*, *Barjon*, 132 F.3d 496. In addition, Mr. Jones fails to establish, by affidavit or otherwise, his level of skill, experience, and reputation. As a result, Mr. Jones failed to bear his burden to establish the basis for the hourly rate sought.

Officer McGill's attorney, Deputy City Attorney James F. Wilson ("Mr. Wilson"), submits that the prevailing rate for the Fresno community is between $150.00 and $400.00 per hour, depending on the skill, reputation, and expertise of the attorney. Mr. Wilson interviewed four civil rights attorneys in the community, all of whom have practiced in this area for 20+ years and have established reputations. Those attorneys charge a basic rate of $225.00 to $350.00 per hour for civil rights case work.

Having considered the evidence submitted, this Court finds that $200 per hour is a reasonable hourly rate for a person in this community with Mr. Harris' experience, skill, and reputation.

**Hours**

Mr. Jones claims a total of 474.4 hours for reasonable hours spent in litigating this action from its inception through jury verdict. Mr. Jones submits proper documentation to detail his time. Officer McGill argues that this Court should deduct a total of 170.4 hours, as Mr. Jones claims hours that are for publicity and lobbying time, non-legal work, and non-court appearance travel, and hours that are duplicative or "otherwise unnecessary."

As to the hours for "publicity," Mr. Jones explains that he met with an organization and citizens in the area that he believed held key information regarding the facts of the case. This Court finds that these hours were "directly and intimately related to the successful representation" of Mr. Jones in this action. *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992). Accordingly, this Court will not deduct the hours characterized as "publicity."

Officer McGill challenges several hours that he deems to be "non-legal" work. Hours for the preparation of deposition notices, preparation of trial transcripts, traveling to meet witnesses, meeting with witnesses, and preparation for trial are compensable. This Court reduces Mr. Jones' request,

however, by 3 hours for the service of subpoena. This Court will not award an attorney's hourly rate for subpoena service, which is a "cost," recoverable pursuant to 28 U.S.C. §1920.

Officer McGill submits that a total of 15.0 hours should be deducted for non-court appearance travel. Mr. Jones responds, without citation, that in "the private market it is a universal truth that firms charge for travel time. Plaintiff's counsel has billed for travel time that was intimately related to plaintiff's representation, namely, meetings with experts and witnesses." This Court finds that 15 hours is a reasonable amount of travel time, considering that Mr. Jones and Mr. Harris resided 2-3 hours of driving time away from the location of the underlying incident and witnesses. Accordingly, this Court will not reduce the amount of hours for non-court appearance travel.

Mr. Jones submits a total of 23.0 hours for preparation of discovery and discovery plan. Officer McGill argues that because no discovery was propounded, Mr. Jones should not recover for the preparation of such discovery or discovery plan. In response, and without citation, Mr. Jones submits that "it is widely accepted that preparation of discovery documents by an attorney is a billable event. Counsel's preparation of limited discovery documents are proper billable whether they were served on defendants." Without evidence of such discovery, and without legal support for his assertion, Mr. Jones fails to bear his burden to prove that the 23.0 hours billed for discovery never-used or served are recoverable. Accordingly, this Court deducts 23.0 hours from the total billed.

Office McGill points out duplicate billing in the amount of 11.6 hours. This Court reduces from those hours from the lodestar calculation.

Mr. Harris "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from fee submission." *Hensley*, 461 U.S. at 434. Officer McGill argues to reduce 91.6 hours of Mr. Jones' time for "other improper billing" that was unnecessary or excessive. Officer McGill attacks hours that Mr. Harris reasonably spent to review and defend motions to dismiss and motions in limine, and to prepare for trial. This Court finds, however, that Mr. Harris failed to use billing discretion, and charged an excess of 20.0 hours for described work. According, this Court reduces by 20.0 hours Mr. Jones' hours for work that was "otherwise unnecessary."

///

1

**Lodestar Calculation Conclusion**

2   As discussed above, this Court found that the prevailing hourly rate in this community for an
3   attorney with Mr. Harris' skill, reputation, and experience is $200 per hour.  This Court deducts a total
4   of 57.6 hours from Mr. Harris' total of 474.4 hours to allow 416.8 recoverable hours.  When multiplying
5   the $200 hourly rate by 416.8 hours, this Court arrives at a lodestar amount of $83,360.

6

**Reasonableness of Award in Light of Results Obtained**

7   Once the lodestar has been calculated, this Court "may consider other factors in determining
8   whether to adjust the fee award upward or downward." *Chalmers*, 796 F.3d at 1212. Mr. Jones prevailed
9   on one claim against one defendant only.  If "a plaintiff has achieved only partial or limited success, the
10  product of hours expended on litigation as a whole times a reasonable hourly rate may be an excessive
11  amount." *Hensely*, 461 U.S. at 436.  "A reduced award is appropriate if the relief, however significant,
12  is limited in comparison to the scope of the litigation as a whole." *Id*. at 440. "[A]ttorney's fees awarded
13  under 42 U.S.C. §1988 *must* be adjusted downward where the plaintiff has obtained limited success on
14  his pleaded claims, and the result does not confer a meaningful public benefit." *McCown v. City of*
15  *Fontana*, 550 F.3d 918, 924 (9th Cir. 2008) (emphasis added).

16  Because all of Mr. Jones' claims arose out of a common core of facts, this Court considers the
17  level of success obtained. *McCown*, 550 F.3d at 923.  "The reasonableness of the fee is determined
18  primarily by reference to the level of success achieved by the plaintiff." *Id.* at 922 (citing *Hensley*, 461
19  U.S. at 436).  In its review of this motion, this Court must consider "the relationship between the amount
20  of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437.  This Court considers a
21  reasonable award as set forth in *McCown*, 550 F.3d at 924:

22  A rule of proportionality is inappropriate...because it fails to recognize the nature of
    many, if not most, civil rights cases, in which damages may be limited by law,
23  regardless of the importance of the civil rights at issue....For this reason, the district
    court must consider the excellence of the overall result, not merely the amount of
24  damages won.    However...in judging the plaintiff's level of success and
    reasonableness of hours spent achieving that success, a district court must give
25  primary consideration to the amount of damages awarded as compared to the amount
    sought.

26

27  In this action, Mr. Jones initially sought $1,200,000.00 in compensatory damages, $14,000,000.00 in
28  punitive damages, and unspecified damages, for a minimum total award of $15,200,000.00 based on four

1 claims against eight defendants. The jury found in favor of Mr. Jones on one claim against one
2 defendant, and awarded Mr. Jones $9,990.00 in damages. Mr. Jones' "victory clearly fell short of his
3 goal; therefore, it is unreasonable to grant his attorneys more than a comparable portion of the fees and
4 costs requested." *McGown*, 550 F.3d at 925. Though this Court "need not be so mechanical as to divide
5 the amount of fees and costs requested by the number of claims...[but] the district court should take into
6 account [plaintiff's] limited success when determining a reasonable award." *Id*.

7 Based on the above considerations, including the common core of facts across Mr. Jones'
8 claims, Mr. Jones' limited success and ultimate award, this Court finds a reasonable attorney fee award
9 to be $20,000.00.

### Upward Adjustment/Excellent Result

11 Mr. Jones contends that this Court should adjust his award upward, because there was a
12 substantial risk of not prevailing. *Pennsylvania v. Delaware Valley*, 483 U.S. 711, 731 (1987). In "rare
13 cases," this Court may award an upward adjustment of the lodestar if the risk of not prevailing is great.
14 *Chalmers*, 796 F.2d at 1212. "[A]n enhanced award is justified only in the extraordinary case." *Id*. at
15 1213. This Court agrees with the *Chalmers* court, *id.*, to conclude that:

> While counsel's sole practitioner status and the contingent fee arrangement with his client did enhance to some extent the risk of not being compensated after many hours and years of work, we do not believe that the risk of loss for [plaintiff's] counsel...was such as to award an enhancement of the fee award.

19 Accordingly, this Court declines to enhance Mr. Jones' award.

### CONCLUSION AND ORDER

21 For the foregoing reasons, this Court GRANTS Mr. Jones' motion for attorney's fees and
22 AWARDS Mr. Jones $20,00.00.
23 IT IS SO ORDERED.

24 **Dated:   June 29, 2009**             /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE